FILED
2011 May-12 PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| GARVE W. IVEY, P.C., | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 6:10-CV-03201-LSC |
| | ] |
| STEVE BERMAN, et al., | ] |
| | ] |
| Defendants. | ] |
| | ] |

MEMORANDUM OF OPINION AND ORDER

I.  Introduction.

Plaintiff Garve W. Ivey, P.C., filed this action against Steve Berman, individually, and Hagens, Berman, Sobol, Shapiro, LLP, in the Circuit Court of Walker County, Alabama, on February 19, 2010.  In its Complaint, Plaintiff seeks declaratory relief related to an alleged agreement between the parties to share the responsibilities and profits of certain litigation. Plaintiff does not ask for money damages, specify an amount in controversy, or stipulate the amount in controversy is less than $75,000.

Defendants were served with Plaintiff's action on October 25, 2010.

Defendants timely removed the case to this Court on November 22, 2010, asserting jurisdiction pursuant to 28 U.S.C. § 1332 (diversity). Plaintiff filed a motion to remand on December 21, 2010, arguing that removal is improper under § 1332(a) because Defendants did not establish the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 7.) Upon full consideration, and for the reasons that follow, the Court finds that Plaintiff's motion is due to be denied, provided Defendants file an amendment to their notice of removal that properly states their diverse citizenship within eleven (11) days of this Order.

II.     Standard.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of

remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Defendants bear the burden of establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

III.   Discussion.

In order to exercise jurisdiction over an action pursuant to § 1332(a), this Court must assure itself that the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See, e.g.*, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Because they removed this action, Defendants have the burden of establishing the propriety of diversity subject-matter jurisdiction. *See Wilson*, 257 U.S. at 97.

A.   Diversity of Citizenship.

The parties do not dispute that complete diversity of citizenship exists. Defendants proffer that Plaintiff is an Alabama law firm; Hagens, Berman, Sobol, Shapiro, LLP, is a Washington law firm; and Steve Berman is "an individual residing in Washington." (Notice of Removal ¶¶ 2-4.) While the Court suspects that diversity exists in this case, the manner in which Defendants plead citizenship in their notice of removal is deficient.

First, Plaintiff is a professional corporation.  While Defendants plead that Plaintiff is organized under the laws of Alabama, they do not state Plaintiff's principal place of business.  "For purposes of determining diversity of citizenship a corporation is deemed 'a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . .'" *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 n.1 (5th Cir. 1979).[1]  Parties "are required to provide this information in their pleadings." *Id.*; *see also Variable Annuity Life Ins. Co. v. Adel*, 197 Fed. Appx. 905, 906 (11th Cir. 2006).

Defendant Hagens, Berman, Sobol, and Shapiro, LLP, is a limited liability partnership.  "Unincorporated associations do not themselves have any citizenship." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010).  Instead, an unincorporated association "must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332." *Id.*  Defendants do not

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

plead the citizenship of each of the members of Hagens, Berman, Sobol, and Shapiro, LLP.

Finally, while Defendants contend that "Steve Berman is an individual residing in Washington" (Notice of Removal ¶ 4), "residence is not the equivalent of citizenship." *Congress of Racial Equality v. Clemmons*, 323 F.2d 54, 58 (5th Cir. 1963) (quoting 2 Moore, Federal Practice § 8.10, p.1636 (2d ed.)). "[A]n allegation that a party is a resident of a certain state or foreign country is not a sufficient allegation of citizenship." *Id*.

While a defendant may not amend its notice of removal to cure substantive defects after the thirty-day time limit for removal prescribed by 28 U.S.C. § 1446(b), it is generally accepted that a defendant may amend to correct "technical defects" in jurisdictional allegations. *See, e.g.*, *Fuller v. Exxon Corp.*, 131 F. Supp. 2d 1323, 1327 (S.D. Ala. 2001). Because, as outlined below, the Court is convinced that the amount in controversy is met, Defendant will have eleven (11) days from the date of this Order to amend its notice of removal to cure the jurisdictional pleading with regard to the citizenship of all parties at the time the complaint was filed.

B.     Amount in Controversy.

When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). "Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper." *Id.*

Plaintiff seeks only declaratory relief. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). Worded differently, if the declaratory relief sought by the plaintiff is worth more than $75,000 at the time of removal, then the amount in

controversy is sufficient to establish federal jurisdiction.  See AAA *Abachman Enters., Inc. v. Stanley Steemer Intern., Inc.*, 268 Fed. Appx. 864, 866 (11th Cir. 2008).

Plaintiff contends that it had an agreement with the defendants to corroborate in future litigation.  (Compl. ¶ 4.)  Plaintiff also maintains that the parties agreed they "would share in the duties and responsibilities of future litigation as well as share in any profits from such future litigation." (*Id*. ¶ 5.)  Plaintiff seeks a declaration of the rights and responsibilities of the parties under the referenced agreement, as well as an accounting of costs and profits between the firms concerning litigation in ten named cases.  In their briefing on remand, Plaintiff admits that it seeks a declaration of its rights regarding the "res," or the profits from litigation shared with the defendants.  (Doc. 7 ¶ 8.)  Defendants have introduced evidence that Plaintiff submitted a fee application to Hagens, Berman, Sobol, and Shapiro, LLP, for legal fees in the amount of $1,009,431.25, for legal work allegedly performed by the plaintiff in one of the lawsuits named in the complaint.  (Doc. 1, Attach. 1 at 11-51 & Attach. 2 at 1-48.) Defendants have also shown that Plaintiff established and assigned a lien in

the amount of $2,570,223.84, for the fees allegedly owed to the plaintiff for legal work performed in the same lawsuit.  (Doc. 1, Attach. 2 at 57-59.)

Plaintiff does not dispute the evidence proffered by the defendants. Instead, Plaintiff argues that "no one can say how much money, if any, may ultimately be claimed by Plaintiff."  (Doc. 10 ¶ 2.)  "[T]he removing defendant must establish the amount in controversy by 'the greater weight of the evidence, . . . a superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'" *Lowery*, 483 F.3d at 1209 (quoting Black's Law Dictionary 1220 (8th ed. 2004)).  The "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 753.  "The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Id*.

After full review of the evidence, the Court is convinced that the value of the declaratory relief sought by the plaintiff was worth more than $75,000, exclusive of interest and costs, to Garve W. Ivey, P.C., at the time

of Defendants' removal. It is evident that Plaintiff seeks a declaration from the Court that it is entitled to a cut of the profits in shared litigation that well-exceeds the jurisdictional amount of $75,000.

IV. Conclusion.

For the reasons outlined above, Plaintiff's motion to remand (Doc. 7) will be DENIED, provided that Defendants file an amendment to their notice of removal within eleven (11) days of this Order that cures the insufficient jurisdictional pleading made with regard to the citizenship of all parties at the time the complaint was filed, and diversity of citizenship is clear from that amendment. If Defendants file such an amendment, the Court is within its jurisdiction to decide this case.

Done this 12th day of May 2011.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297