FILED
2011 Dec-01  PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| GARVE W. IVEY, P.C., | ] |
| | ] |
|     Plaintiff, | ] |
| | ] |
|     vs. | ]     6:10-cv-03201-LSC |
| | ] |
| STEVE BERMAN, et al., | ] |
| | ] |
|     Defendants. | ] |
| | ] |

MEMORANDUM OF OPINION

I.      Introduction.

The Court has for consideration a motion for summary judgment, which was filed by Defendants Hagens Berman Sobol Shapiro, LLP ("Hagens Berman"), and Steve Berman.  (Doc. 25.)  Plaintiff Garve W. Ivey, P.C., initiated this action against Defendants in the Circuit Court of Walker County, Alabama, on February 19, 2010. In its Complaint, Plaintiff seeks declaratory relief related to an alleged agreement between the parties to share the responsibilities and profits of certain litigation. Specifically, Plaintiff seeks a declaration of the rights and responsibilities of the parties under the purported agreement, pursuant to the Alabama Declaratory Judgment Act, Ala. Code § 6-6-220, *et. seq.*, as well as an accounting of costs and profits between the

firms concerning litigation in ten named cases. (Compl. ¶¶ 7-8.) Defendants' motion has been briefed by the parties and is ripe for decision. Upon full consideration of the legal arguments and evidence presented, Defendants' motion for summary judgment will be granted in all respects.

II.     Facts.[1]

Plaintiff, Garve W. Ivey, P.C., is a law firm in Walker County, Alabama. Hagens Berman is a Seattle, Washington, law firm specializing in representing plaintiffs in complex, class-action litigation. Steve Berman is managing partner of Hagens Berman. Garve Ivey, Jr., referred a number of cases to Hagens Berman on behalf of Garve W. Ivey, P.C., and associated as counsel for the party plaintiffs in several cases. Garve W. Ivey, P.C., contends that it had an agreement with Hagens Berman to share in the duties and responsibilities of certain litigation and share in any profits that might arise. The litigation at issue is identified in the Complaint as follows: (1) *Celebrex/ Bextra Third Party Payor*; (2) *Risperdal*; (3) *NCAA Scholarship*; (4) *340B Medicare*; (5) *Medicare Set Aside*; (6) *Vioxx Third Party Payor*; (7) *Neurontin*;

---

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, the facts submitted in the parties' Joint Status Report, and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

(8) *Zyprexa RICO*; (9) *Vermont Pure*; and (10) *Jan Schlichtmann.*

III.     Standard.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2]   The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56 "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions,

---

[2]Although Fed. R. Civ. P. 56 was amended on December 1, 2010, "the standard for granting summary judgment remains unchanged."  Fed. R. Civ. P. 56 advisory committee's note (2010 Amendments).

answers to interrogatories, and admissions on file, designate specific facts showing

that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations

omitted); *see also* Fed. R. Civ. P. 56(c). "A factual dispute is genuine only if a

'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. &*

*Networks Corp.*, 281 F.3d at 1224 (quoting *United States v. Four Parcels of Real Property*,

941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.   Discussion.

Garve W. Ivey, P.C., seeks a declaratory judgment regarding the rights and

responsibilities of the parties with regard to the ten cases named in the Complaint.

In the course of litigating this action, Plaintiff has clarified that it seeks a declaration

of its rights regarding the "res," or profits, from those ten cases. (Doc. 7 ¶ 8.)

Defendants contend that they are entitled to summary judgment because Plaintiff

cannot establish that there is a justiciable controversy between the parties.

Defendants argue that four of the ten cases have not been fully and completely

resolved; therefore, it is unknown whether fees will be awarded. Defendants also

proffer that only one of the remaining cases resulted in the payment of fees—and

Plaintiff was paid for its work in that case. Plaintiff counters that it is nonetheless

owed an accounting of fees due.

Alabama Code § 6-6-223 gives a court the right to issue a "declaration of

rights, status or other legal relations thereunder" for any person "affected by . . . a contract." However, "[l]ike any other action, a bona fide justiciable controversy is essential to maintain a declaratory-judgment action." *State Farm Mut. Auto. Ins. Co. v. Brown*, 894 So. 2d 643, 649 (Ala. 2004). "A controversy is justiciable when present legal rights are affected, not when a controversy is merely anticipated." *Id.* (citing *Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C.*, 828 So. 2d 285, 288 (Ala. 2002)). "Nor does the declaratory-judgment statute empower a court to give an advisory opinion." *Id.* (citing *Hornsby v. Sessions*, 703 So. 2d 932 (Ala. 1997)). The U.S. Supreme Court has given the following guidance to courts regarding declaratory judgments: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)*, quoted in GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995).

Defendants have submitted unrefuted evidence that the *Risperdal*, *Vioxx Third Party Payor*, *Neurontin*, and *Zyprexa RICO* matters are currently pending in their respective courts and there has not been any determination made by the courts regarding legal fees. In order to declare Plaintiff's "right" to any of the profits of

these four cases, this Court must speculate, at a minimum, (a) whether fees will be awarded, and (b) the total amount of fees that will be approved in each case by the different courts. Assuming there is an agreement between the parties to share in the profits of these four matters, there are no profits to share at this time, nor is there any indication that Defendants intend to deny Plaintiff its share of any fees recovered. Because the Court cannot predict with any accuracy whether Plaintiff will be entitled to any fees and there is no evidence of an immediate or real need for relief, a declaratory judgment is clearly inappropriate.

With regard to the *Celebrex/ Bextra Third Party Payor* case, Defendants have produced evidence showing the matter settled and Plaintiff was paid $52,629.27 for legal work after submitting a revised claim for $61,875.00 in attorney fees. Prior to the revised claim, Plaintiff attempted to collect over one million dollars. Plaintiff does not dispute the amount received from Defendants in relation to the revised claim submitted. Rather, Garve Ivey, Jr., argues on behalf of his law firm that unnamed individuals with "the defendant firm" assured him that if he revised his claim "to include only work done on specific portions of the case, . . . we would settle up on the remaining work on other portions of the case at a later date." (Doc. 29-1 ¶ 9.) However, Plaintiff fails to provide any admissible evidence detailing this purported side agreement or the additional amount Mr. Ivey contends he is owed. "Conclusory,

uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion." *West v. Higgins*, 346 Fed. Appx. 423, *425 (11th Cir. 2009) (citing *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)).  Moreover, Mr. Ivey's assertion that his revised claim included "only work done on specific portions of the case" contradicts, without explanation, his earlier sworn statement filed with the Northern District of California under penalty of perjury.  (Doc. 27-15 ¶¶ 7-8.) In that sworn statement, Mr. Ivey stated as follows: "The *total* number of hours expended on this litigation by me is 165 hours.  The *total* for my firm is $61,875.00. . . .  As detailed in Exhibit 2, my firm has incurred unreimbursed expenses in connection with this litigation.  The Ivey Law Firm is not seeking reimbursement for any of their out of pocket expenses."  (*Id*. (emphasis added).)  A party may not survive summary judgment by simply contradicting a previous sworn statement without explaining the disparity.  *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999);  *Tippens v. Celotex Corp.*, 805 F.2d 949, 953-54 (11th Cir. 1986). Because there is no admissible evidence of an agreement to pay Plaintiff any monies outside the amount paid pursuant to the revised claim submitted after settlement of the *Celebrex/ Bextra Third Party Payor* litigation, Plaintiff cannot establish its entitlement to a declaratory judgment on this claim.

Defendants have also filed evidence showing that the *NCAA Scholarship*, *340B Medicare*, *Vermont Pure*, and *Jan Schlichtmann* matters are concluded, and Defendants did not collect any legal fees. Garve Ivey, Jr., signed a settlement agreement in 2007 in the *NCAA Scholarship* matter and agreed to forego attorney fees. The plaintiffs in the *340B Medicare* litigation moved to dismiss their action without prejudice. And, Plaintiff and Hagens Bermen were named *defendants* in the *Schlictman* and *Vermont Pure* litigation. There is no evidence of an agreement to share profits or attorneys fees in either *Schlictman* and *Vermont Pure*, nor is there evidence that Defendants collected any such fees. Mr. Ivey says in his affidavit: "As to the Poland Springs/ Schlictmann litigation, [Defendants] are holding $435,000 that was to be divided equally among us." (Doc. 29-1 ¶ 15.) However, the Court has no idea what that $435,000 amount constitutes, how it relates to the *Schlictmann* litigation, or who "us" is. With respect to *NCAA Scholarship*, *340B Medicare*, *Vermont Pure*, and *Jan Schlichtmann* matters, Plaintiff has failed to submit any admissible evidence challenging Defendants' showing that there are no legal fees or profits to share. Accordingly, Defendants are entitled to summary judgment with regard to these claims.

Finally, Defendants have proffered evidence that they are not involved in any cases designated as *Medicare Set Aside* litigation, nor have they obtained any fees

from any such litigation.  Plaintiff has not produced any admissible evidence to counter Defendants' position.  Instead, Mr. Ivey argues in an affidavit that "there was communication" between the parties regarding "that case" and David Nalvern "was to take [Plaintiff's] plaintiff and go forward in New York."  (Doc. 29-1 ¶ 11.)  Mr. Ivey does not provide the Court with any dates or case numbers, nor do his assertions show that Defendants actually followed through with filing or pursuing the purported case(s).  There is certainly no evidence of an agreement or contract to share profits in this matter.  Accordingly, the Court will enter summary judgment in favor of Defendants on the *Medicare Set Aside* claim.

Plaintiff appears to argue that it has a right to an "accounting," separate from any claim for a declaratory judgment.  Plaintiff claims that its request for an equitable accounting shifts the burden to Defendants to establish the "non-existence" of money due; therefore, summary judgment may not be entered.  (Doc. 29 at 6-7.)  However, an accounting is not available "absent some independent cause of action."  *Johnson v. Pullman, Inc.*, 845 F.2d 911, 913 (11th Cir. 1988).  Because Plaintiff has failed to show there is a genuine issue for trial with regard to his suit for a declaratory judgment, his request for an accounting is also dismissed.

V.    Conclusion.

For the reasons outlined above, Defendants' motion for summary judgment will be granted in all respects.  A separate order will be entered.

Done this 1st day of December 2011.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297